IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRITNEY E. MANNING,

    Plaintiff,

v.

CLACKAMAS COUNTY DISTRICT
ATTORNEY'S OFFICE,

    Defendant.

No. 3:25-cv-00800-AB

OPINION AND ORDER

**BAGGIO, District Judge:**

Plaintiff Britney E. Manning ("Plaintiff"), proceeding pro se, brings this action against Defendant Clackamas County District Attorney's Office ("District Attorney's Office" or "Defendant"). Plaintiff alleges 42 U.S.C. § 1983 claims for violation of her First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution. Complaint ("Compl.", ECF 2), ¶ a; *id.* at 2.[1]

Before the Court is Defendant's Motion to Dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim against Defendant upon which relief can be granted. Motion to Dismiss ("Mot. Dismiss", ECF 27). For the reasons discussed below, Defendant's Motion to Dismiss is GRANTED.

---

[1] The Court notes that the paragraphs within the Complaint are inconsistently numbered. *Compare* Compl., p.1 *and* p.3. The Court will cite to paragraphs when applicable but will cite to the CM/ECF page numbers when a paragraph is not numbered.

1 – OPINION AND ORDER

## I.  FACTUAL BACKGROUND

On April 4, 2025, Plaintiff alleges that she was detained by the Clackamas County Sheriff's Department ("Sheriff's Department") and issued a citation for Driving While Revoked. Compl., ¶ 6. A court appearance for the citation was scheduled for May 6, 2025, at the Clackamas County Circuit Court ("Circuit Court"). *Id.* ¶ 7. Plaintiff called the Circuit Court about her scheduled appearance and was subsequently redirected to the District Attorney's Office. *Id.* ¶¶ 7, 8. Plaintiff asserts that a representative of the District Attorney's Office informed her that she need not appear on May 6, 2025, because her case was "under review." *Id.* ¶ 9. Plaintiff contends that she never received written confirmation of the modification to her scheduled court date but was told by the representative to follow up with the District Attorney's Office in mid-June. *Id.* ¶¶ 9, 10.

Plaintiff further alleges that she "is currently pursuing a small claims case against the Clackamas County Sheriff's Department for civil rights violations and excessive force[,]" and that the District Attorney's Office communication with her "directly jeopardized her ability to participate in [a] May 21 mediation[ ]" in the small claims case. *Id.* ¶¶ 13, 14. In addition, "[o]n multiple occasions" agents appeared at Plaintiff's home to interrogate her and her family about "ongoing legal matters," and that these incidents were "designed to dissuade her from pursuing valid claims against Clackamas County actors." *Id.* ¶¶ 16, 17.

## II.  LEGAL STANDARD

Where the plaintiff "fail[s] to state a claim upon which relief can be granted[,]" the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the Court to reasonably infer the defendant's liability based on the

alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations must present more than "the mere possibility of misconduct[.]" *Id.* at 679.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021). Regardless, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 680-81. Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

When a plaintiff is proceeding pro se, the court must "construe the pleadings liberally and [ ] afford the [plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (quotation marks and citation omitted). "Unless it is absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)).

### III.  DISCUSSION

Plaintiff alleges 42 U.S.C. § 1983 claims for violation of her First, Fourth, Fifth, Sixth, and Fourteenth Amendment rights. Compl., ¶ a; *id.* at 2. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Naffe v. Frye*, 789 F.3d 1030, 1035-36 (9th Cir. 2015). "'Persons' under § 1983 are local officials sued in their individual

capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself." *Beardall v. City of Hillsboro*, Case No. 3:19-cv-00489-YY, 2019 WL 1867933, at *1 (D. Or. Apr. 25, 2019).

Here, Plaintiff has named only the District Attorney's Office as a defendant. However, a department of local government or municipality is liable under § 1983 only if the plaintiff alleges his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978). A governmental entity may not be held liable under § 1983 simply based on the allegedly unconstitutional actions of their employees. *Id.* Instead, the municipality may be held liable "when execution of a government's policy or custom . . . inflicts in the injury." *Id.* at 694. Thus, the District Attorney's Office is a department of the Clackamas County government and is not, therefore, a proper defendant under § 1983.

However, it appears Plaintiff may be asserting a *Monell* claim. In *Monell*, the Supreme Court held that "a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Id.* at 691. A municipality can only be sued for constitutional deprivations visited pursuant to an official policy, practice, or custom. *Id.* at 690-91; *see also Rivera v. Cnty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014).

The circumstances in which *Monell* liability may be found under § 1983 are "carefully circumscribed." *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). To establish *Monell* liability for an official custom, policy or practice, a plaintiff must show "(1) [she] was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to [her] constitutional right; and (4) the policy was the moving force behind the constitutional violation." *Lockett v. Cnty. of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020). "The

'official policy' requirement [of a *Monell* claim] was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986).

Plaintiff brings this action against a municipality—the District Attorney's Office. However, the Complaint does not allege that Defendant has an official policy, custom, or practice that deprived her of a constitutional right. Thus, Plaintiff has not pled facts sufficient to state a *Monell* claim, and her Complaint must be dismissed.

Defendant's Motion to Dismiss is granted. However, the Court cannot conclude that it is impossible for Plaintiff to cure the defects in her pleading. *See Lucas*, 66 F.3d at 248 (a court must allow leave to amend unless it is absolutely clear that amendment could not cure the complaint's defects). Therefore, the Court dismisses the Complaint with leave to amend.[2]

## IV.    CONCLUSION

For the reasons discussed, Defendant's Motion to Dismiss [27] is GRANTED. Plaintiff's Complaint [2] is DISMISSED for failure to state a claim upon which relief may be granted. Plaintiff may file an Amended Complaint,[3] curing the deficiencies noted above, within 30 days of

---

[2] In Plaintiff's Supplemental Memorandum, she asserts Defendant has demonstrated four policy-level failures. *See* Supplemental Memorandum ("Supp. Memo.", ECF 30) ¶ 4. In her amended complaint, if Plaintiff chooses to amend, she must allege facts that support the existence of the policy, practice, or custom within the District Attorney's Office that demonstrates its alleged policy-level failures. *See Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) ("An unconstitutional policy need not be formal or written to create municipal liability under Section 1983; however, it must be 'so permanent and well settled as to constitute a "custom or usage" with the force of law.'") (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)).

[3] Plaintiff alleges the Oregon Department of Motor Vehicles ("DMV") "falsely maintained" that Plaintiff held a license or permit when Plaintiff had "never held a valid driver's license or learner's permit." Compl., ¶¶ 23-25. She requests the Court grant her relief by "requir[ing] Oregon DMV to correct or remove the false licensing status from her record[.]" *Id.* ¶ c. Oregon DMV is not a defendant to this suit; thus, the Court cannot grant relief against a

the date of this Opinion and Order. Plaintiff is advised that failure to file an Amended Complaint will result in the dismissal of this proceeding.

    IT IS SO ORDERED.

    DATED this  29th  day of July 2025.

*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge

---

municipality who is not a party. The Court notes, Plaintiff alleges the same conduct and asked for the same relief against the Oregon DMV in Case No. 3:25-cv-00578-AB. In her amended complaint, if Plaintiff chooses to amend, in the interest of judicial economy and resources, Plaintiff may not name the Oregon DMV as a defendant for the same conduct/transaction that she alleges in Case No. 3:25-cv-00578-AB. *See* Fed. R. Civ. P. 1 (mandating that the rules should be applied to ensure a "just, speedy, and inexpensive determination of every action.").

6 – OPINION AND ORDER